```
                   UNITED STATES BANKRUPTCY COURT
                   NORTHERN DISTRICT OF GEORGIA
                           ROME DIVISION

IN RE: TIANA N. SAMUEL,         {  CHAPTER 13
                                {
                                {  CASE NO. R24-40444-BEM
        DEBTOR                  {
                                {  JUDGE BONAPFEL
```

## CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION, MOTION TO DISMISS CASE WITH PREJUDICE AND NOTICE OF HEARING

COMES NOW, K. Edward Safir, Chapter 13 Trustee herein, and files herewith his Objection To Confirmation And Motion To Dismiss Case with Prejudice, and as grounds shows the Court as follows:

**PLEASE TAKE NOTICE THAT A DISMISSAL OF THIS CASE WITH PREJUDICE PURSUANT TO 11 U.S.C. SECTION 109(g) WILL MEAN THAT THE DEBTOR WILL NOT BE PERMITTED TO FILE ANOTHER CASE UNDER CHAPTER 13 FOR A PERIOD OF 180 DAYS FOLLOWING THE DATE UPON WHICH THIS CASE IS DISMISSED.**

**THE FAILURE OF THE DEBTOR TO APPEAR AT THE HEARING ON THIS MOTION TO DISMISS MAY BE CONSIDERED BY THE COURT AS EVIDENCE OF DEBTOR'S WILLFUL FAILURE TO APPEAR BEFORE THE COURT IN PROPER PROSECUTION OF THE CASE WITHIN THE MEANING OF 11 U.S.C. SECTION 109(g) OF THE BANKRUPTCY CODE.**

### OBJECTIONS TO CONFIRMATION

1. The Debtor's Plan does not comply with the provisions of the Bankruptcy Code in that:

    a) The Debtor's Chapter 13 Plan payments are delinquent in violation of 11 U.S.C. Section 1326.

    b) The voluntary petition fails to reflect Debtor's name or alias of Tiana Nichole Samuel.

    c) The Debtor's plan does not provide for payment of all of the Debtor's disposable income to the Trustee for thirty-six (36) or more months as required by 11 U.S.C. § 1325(b)(1)(B).

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave.
Suite 1600
Atlanta, GA 30303
404-525-1110
brandik@atlch13tt.com

d) All prior bankruptcy cases of the Debtor, or pending related bankruptcy cases, may not have been disclosed; thereby, indicating a lack of good faith in proposing the instant repayment plan, possibly in violation of 11 U.S.C. Section 1325(a)(3).

e) The Debtor's Chapter 13 plan, schedules, and/or Statement of Financial Affairs are inaccurate and/or incomplete; the Trustee is unable to determine either the duration or feasibility of the proposed plan.  11 U.S.C. §§ 1325(a)(3) and 1325(a)(7).

f) The Chapter 13 Plan fails to provide the purchase date for the claims of Bridgecrest and Cresco Capital, preventing the Trustee from properly administering this plan.

g) The Debtor's Chapter 13 plan, schedules, and/or Statement of Financial Affairs are inaccurate and/or incomplete; the Trustee is unable to determine either the duration or feasibility of the proposed plan.  11 U.S.C. §§ 1325(a)(3) and 1325(a)(7); specifically, Statement of Financial Affairs question 10 fails to list property being repossessed.

h) The proposed Chapter 13 Plan fails to provide that the Debtor will supply the Trustee with a copy of each federal income tax return filed during the pendency of the case within 30 days of filing the return, and turn over to the Trustee, within 30 days of the receipt of any federal income tax refund during the applicable commitment period, the amount by which the total of all of the federal income tax refunds received for each year exceeds $2,000.00, thereby preventing the contribution of all disposable income to this plan.  11 U.S.C. § 1325(b)(1).

i) The Chapter 13 budget included with the schedules reflect a monthly disposable income of $2,577.90; however, only $2,316.59 per month is proposed to be remitted to the plan, thereby indicating a lack of good faith in proposing the instant repayment plan, 11 U.S.C. Section 1325(a)(3).

j) The Chapter 13 budget fails to provide for the monthly expense of post-petition income tax liability on self-employment income of $6,714.40 per month, and tax escrow slips have not been submitted; thereby, indicating that the proposed budget and Plan are infeasible, 11 U.S.C. Section 1325(a)(6).

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave.
Suite 1600
Atlanta, GA 30303
404-525-1110
brandik@atlch13tt.com

  k) The payout of the claim owed to Bridgecrest will extend beyond sixty (60) months, contrary to 11 U.S.C. § 1322(d).

  l) The Debtor's budget proposes to make monthly charitable contributions in the amount of $200.00. The Trustee requests that the Debtor provide written evidence sufficient to establish a consistent pattern of contributing prior to the filing of the instant case. 11 U.S.C. § 1325 (b)(2)(A).

  m) The Chapter 13 budget reflects a $100.00 per month recreation expense; thereby, preventing the contribution of all monthly disposable income to the composition plan in violation of 11 U.S.C. Section 1325(a)(3).

  n) Pursuant to Debtor's testimony, the monthly expense for equipment rental and leases are less than that reflected on Schedule J so that the Debtor has $1,525.00 per month in additional disposable income to contribute to the plan. 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B); specifically, Debtor testified at the 341 meeting that the equipment rental and leases are being funded through the plan.

  o) The Debtor has filed three (3) previous bankruptcy case(s) to-wit: first case 18-11364 Chapter 7 filed in Western Oklahoma Bankruptcy Court April 6, 2018, dismissed April 25, 2018; second case A23-52639-JWC filed March 20, 2023, dismissed April 14, 2023 and third case A23-53765-JWC filed April 21, 2023, dismissed January 10, 2024.

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave.
Suite 1600
Atlanta, GA 30303
404-525-1110
brandik@atlch13tt.com

## MOTION TO DISMISS CASE WITH PREJUDICE

1. Debtor's Chapter 13 Plan payments are delinquent in violation of 11 U.S.C. 1326.  The failure to make payments and failure to contact the Chapter 13 Trustee or the Court with any reason why the payments have not been paid constitutes willful failure to come before the Court in proper prosecution in violation of 11 U.S.C. 109(g) and warrants a dismissal with prejudice.  This behavior indicates that the Debtor filed a case that is not feasible thus the Debtor is unable to make a plan payment in violation of 11 U.S.C. 1325(a)(6) or the Debtor has the ability to make the payments and the failure to do so shows a deliberate act of bad faith.

2. The voluntary petition fails to reflect Debtor's name or alias of Tiana Nichole Samuel.

3. The Debtor's plan does not provide for payment of all of the Debtor's disposable income to the Trustee for thirty-six (36) or more months as required by 11 U.S.C. § 1325(b)(1)(B).

4. All prior bankruptcy cases of the Debtor, or pending related bankruptcy cases, may not have been disclosed; thereby, indicating a lack of good faith in proposing the instant repayment plan, possibly in violation of 11 U.S.C. Section 1325(a)(3).

5. The Debtor's Chapter 13 plan, schedules, and/or Statement of Financial Affairs are inaccurate and/or incomplete; the Trustee is unable to determine either the duration or feasibility of the proposed plan.  11 U.S.C. §§ 1325(a)(3) and 1325(a)(7).

6. The Chapter 13 Plan fails to provide the purchase date for the claims of Bridgecrest and Cresco Capital, preventing the Trustee from properly administering this plan.

7. The Debtor's Chapter 13 plan, schedules, and/or Statement of Financial Affairs are inaccurate and/or incomplete; the Trustee is unable to determine either the duration or feasibility of the proposed plan.  11 U.S.C. §§ 1325(a)(3) and 1325(a)(7); specifically, Statement of Financial Affairs question 10 fails to list property being repossessed.

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave.
Suite 1600
Atlanta, GA 30303
404-525-1110
[brandik@atlch13tt.com](mailto:brandik@atlch13tt.com)

8. The proposed Chapter 13 Plan fails to provide that the Debtor will supply the Trustee with a copy of each federal income tax return filed during the pendency of the case within 30 days of filing the return, and turn over to the Trustee, within 30 days of the receipt of any federal income tax refund during the applicable commitment period, the amount by which the total of all of the federal income tax refunds received for each year exceeds $2,000.00, thereby preventing the contribution of all disposable income to this plan. 11 U.S.C. § 1325(b)(1).

9. The Chapter 13 budget included with the schedules reflect a monthly disposable income of $2,577.90; however, only $2,316.59 per month is proposed to be remitted to the plan, thereby indicating a lack of good faith in proposing the instant repayment plan, 11 U.S.C. Section 1325(a)(3).

10. The Chapter 13 budget fails to provide for the monthly expense of post-petition income tax liability on self-employment income of $6,714.40 per month, and tax escrow slips have not been submitted; thereby, indicating that the proposed budget and Plan are infeasible, 11 U.S.C. Section 1325(a)(6).

11. The payout of the claim owed to Bridgecrest will extend beyond sixty (60) months, contrary to 11 U.S.C. § 1322(d).

12. The Debtor's budget proposes to make monthly charitable contributions in the amount of $200.00. The Trustee requests that the Debtor provide written evidence sufficient to establish a consistent pattern of contributing prior to the filing of the instant case. 11 U.S.C. § 1325 (b)(2)(A).

13. The Chapter 13 budget reflects a $100.00 per month recreation expense; thereby, preventing the contribution of all monthly disposable income to the composition plan in violation of 11 U.S.C. Section 1325(a)(3).

14. Pursuant to Debtor's testimony, the monthly expense for equipment rental and leases are less than that reflected on Schedule J so that the Debtor has $1,525.00 per month in additional disposable income to contribute to the plan. 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B); specifically, Debtor testified at the 341 meeting that the equipment rental and leases are being funded through the plan.

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave.
Suite 1600
Atlanta, GA 30303
404-525-1110
brandik@atlch13tt.com

15. The Debtor has filed three (3) recent Chapter 13 case(s), each of which was dismissed by the Court. Said case(s) are as follows:

    a) Debtor's first case 18-11364 Chapter 7 filed in Western Oklahoma Bankruptcy Court April 6, 2018, dismissed April 25, 2018;

    b) Debtor's second case A23-52639-JWC filed March 20, 2023, dismissed April 14, 2023 and

    c) Debtor's third case A23-53765-JWC filed April 21, 2023, dismissed January 10, 2024.

The Debtor's conduct in this and the previous cases demonstrates that the Debtor has filed this case without any intention of properly prosecuting this case and has failed to appear before the Court in proper prosecution of this case within the meaning of 11 U.S.C. Section 109(g).

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's plan, and to dismiss the case pursuant to 11 U.S.C. Section 105(a) and Section 109(g), thereby rendering the Debtor ineligible from re-filing another Chapter 13 case for one hundred eighty (180) days; or, in the alternative, convert this case to one under Chapter 7.

Respectfully submitted:

_____/s_____
Brandi L. Kirkland, Attorney
for Chapter 13 Trustee
GA Bar No. 423627

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave.
Suite 1600
Atlanta, GA 30303
404-525-1110
brandik@atlch13tt.com

```
                    UNITED STATES BANKRUPTCY COURT
                    NORTHERN DISTRICT OF GEORGIA
                           ROME DIVISION


IN RE: TIANA N. SAMUEL,          {   CHAPTER 13
                                 {
                                 {   CASE NO. R24-40444-BEM
        DEBTOR                   {
                                 {   JUDGE BONAPFEL
```

### NOTICE OF HEARING

**PLEASE TAKE NOTICE** that K. Edward Safir, Chapter 13 Trustee has filed an Objection to Confirmation and Motion to Dismiss with Prejudice with the Court.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the motion at **9:30 a.m. on June 5, 2024** United States Courthouse, Room 342 Federal Building 600 East First Street, Rome, GA 30161, which may be attended in person or via the Court's Virtual Hearing Room. You may join the Virtual Hearing Room through the "Dial-In and Virtual Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, or the link on the judge's webpage, which can also be found on the Court's website. Please also review the "Hearing Information" tab on the judge's webpage for further information about the hearing. You should be prepared to appear at the hearing via video, but you may leave your camera in the off position until the Court instructs otherwise. Unrepresented persons who do not have video capability may use the telephone dial-in information on the judge's webpage.

Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in these pleadings or if you want the

Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave.
Suite 1600
Atlanta, GA 30303
404-525-1110
brandik@atlch13tt.com

response to the pleadings with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk before the hearing. The address of the Clerk's Office is: Clerk, of Court, Room 339. Federal Building 600 East First Street, Rome, GA 30161-3187, You must also mail a copy of your response to the undersigned at the address stated below.

Respectfully submitted,

_/s/_____
Brandi L. Kirkland, Attorney
for Chapter 13 Trustee
GA Bar No. 423627

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave.
Suite 1600
Atlanta, GA 30303
404-525-1110
brandik@atlch13tt.com

```
R24-40444-BEM
```

### CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing pleading using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

I further certify that on this day I caused a copy of this document to be served via first-class United States mail, postage prepaid, on the following parties at the address shown for each:

```
TIANA N. SAMUEL
40 ROYALTY LANE
HIRMA, GA 30141
```

This 9th day of May, 2024

Respectfully submitted,

  /s/
Brandi L. Kirland, Attorney
for the Chapter 13 Trustee
GA Bar No. 423627

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave.
Suite 1600
Atlanta, GA 30303
404-525-1110
brandik@atlch13tt.com